IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARSHALL D. KATZMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

COMPLAINT AND JURY DEMAND

Marshall D. Katzman, by his counsel, brings this complaint against the United States of America, and alleges the following:

*Introduction*

1. This is an action seeking a tax refund of payment of promoter penalties by the Plaintiff for tax years 1994 - 2006.

*Parties*

2. Plaintiff, Marshall D. Katzman, is a citizen of the United States of America and resides at 1875 Edgewood Road, Highland Park, Illinois 60035-3735.

3. Defendant is the United States of America.

*Jurisdiction and Venue*

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1340, 28 U.S.C. § 1346(a), 26 U.S.C. § 7422, and 26 U.S.C. § 6703.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e), 28 U.S.C. § 1396, and 28 U.S.C. § 1402(a)(1) because the Defendant is the United States of America and the

- 2 -

Plaintiff resides in the Northern District of Illinois.

*Count I – Claim for Refund*

6. In letters dated August 2, 2010, the Internal Revenue Service issued to Plaintiff thirteen (13) separate Notice of Penalty Charge assessing penalties under Section 6700 of the Internal Revenue Code of 1986, as amended (hereinafter, "IRC") as follows:

| Tax Year | Penalty Assessment |
|---|---|
| December 31, 1994 | $7,000 |
| December 31, 1995 | $5,000 |
| December 31, 1996 | $8,000 |
| December 31, 1997 | $9,000 |
| December 31, 1998 | $13,000 |
| December 31, 1999 | $15,000 |
| December 31, 2000 | $15,000 |
| December 31, 2001 | $17,000 |
| December 31, 2002 | $110,000 |
| December 31, 2003 | $4,000 |
| December 31, 2004 | $1,000 |
| December 31, 2005 | $2,000 |
| December 31, 2006 | $1,000 |
| Total | $207,000 |

7. On August 19, 2010, pursuant to IRC § 6703(c), Plaintiff paid to the Internal Revenue Service fifteen percent (15%) of the assessed penalties as follows:

| Tax Year | Payment |
|---|---|
| December 31, 1994 | $1,050 |
| December 31, 1995 | $750 |
| December 31, 1996 | $1,200 |
| December 31, 1997 | $1,350 |
| December 31, 1998 | $1,950 |
| December 31, 1999 | $2,250 |

| Tax Year | Payment |
|---|---|
| December 31, 2000 | $2,250 |
| December 31, 2001 | $2,550 |
| December 31, 2002 | $16,500 |
| December 31, 2003 | $600 |
| December 31, 2004 | $150 |
| December 31, 2005 | $300 |
| December 31, 2006 | $150 |
| Total | $31,050 |

8.   On August 24, 2010, pursuant to IRC §6703(c), Plaintiff filed with the Internal Revenue Service thirteen (13) separate Form 6118 Claim for Refund of Tax Return Preparer and Promoter Penalties with respect to penalties assessed in the August 2, 2010 letters. A copy of each of the thirteen (13) separate Form 6118 Claim for Refund of Tax Return Preparer and Promoter Penalties is attached hereto and marked as Exhibits A - M, respectively.

9.   In a letter dated August 24, 2010, the Internal Revenue Service issued to Plaintiff a Final Notice of Intent to Levy with respect to the civil penalties for years 2000 – 2006.

10.   On September 1, 2010, pursuant to IRC § 6330 Plaintiff requested a collection due process hearing with respect to the Final Notice of Intent to Levy by filing Form 12153 Request for a Collection Due Process or Equivalent Hearing with the Internal Revenue Service.

11.   The collection due process hearing was assigned to the IRS Appeals Office in Milwaukee, Wisconsin and is still pending.

12.   Plaintiff has not organized any partnership or entity, or any investment plan or arrangement, or any other plan or arrangement, or participated (directly or indirectly) in the sale of any interest in an entity or plan or arrangement and has neither made or furnished or caused another person to make or furnish (in connection with such organization or sale) a statement with respect to the allowability of any deduction or credit, the excludability of any income, or the

- 4 -

securing of any other tax benefit by reason of holding an interest in the entity or participating in the plan or arrangement which the person knows or has reason to known is false or fraudulent as to any material matter, or a gross valuation overstatement as to any material matter. See, IRC § 6700(a).

13. On information and belief, the Internal Revenue Service assessed the penalties on the mistaken belief that:

   a. Plaintiff promoted a death-benefit-only welfare benefit plan structured to meet the contribution limits exception of IRC § 419A(f)(5); and

   b. That participants in the death-benefit-only welfare benefit plan could access funds from the plan by taking out loans that never had to be repaid.

14. In fact, Plaintiff never relied on IRC § 419A(f)(5). Rather, each employer's contribution was computed to be the actuarially determined amount necessary to fund the benefits for each employer's eligible employees, and that contributions for death benefits were made in annual level premium amounts over the expected lives or working lives in accordance with General Counsel Memorandum 39440 issued by the Internal Revenue Service and thus deductible as qualified direct cost. See, IRC § 419(c)(3)(A).

15. Further, all loans from the death-benefit-only welfare benefit plan had a dual repayment mechanism, meaning the loans could be paid either by quarterly payments or by withholding amounts otherwise due on the participant's death from the death-benefit-only plan and thus the loans were not in default. Moreover, Plaintiff had no authority to make any loans nor did he make any loans to participants in the death-benefit-only welfare benefit plan.

16. Plaintiff is making this claim for refund within 30 days after the expiration of 6 months after the day on which he filed the claims for refund on Form 6118. See, IRC §

6703(c)(2).

17.  To date, the Internal Revenue Service has neither denied nor approved any of Plaintiff's claims for refund filed on Form 6118 and no refund amounts have been paid.

18.  Accordingly, Plaintiff is entitled to a refund of the $31,050 of penalties paid to the Defendant under IRC § 6703(c).

19.  Plaintiff is further entitled to a determination that he is not liable for such penalties.

Wherefore, Plaintiff Marshall D. Katzman requests this Court enter judgment in his favor and against Defendant United States of America for the amount of penalties paid, $31,050.00, for costs of this action, for interest, and a determination that Plaintiff is not liable for the penalty, and for all other just and proper relief.

*Count II – Request for Injunction*

20.  The Plaintiff incorporates by reference the allegations of paragraph nos. 1 to 19 above as and for paragraph nos. 1 to 19 of Count II as though they were fully set forth herein.

21.  By issuing to Plaintiff a Final Notice of Intent to Levy, the Internal Revenue Service has shown a strong willingness to collect the assessed penalty.

22.  However, it would be improper for the Internal Revenue Service to collect such penalty while the parties are in the process of adjudicating the underlying issue through this court proceeding.

23.  Notwithstanding IRC § 7421(a), where a taxpayer has filed a proceeding in the United States district court for a determination of his liability for a penalty under IRC § 6700, the prohibition on collection can be enforced by an injunction against the United States of America. See, IRC § 6703(c)(2).

1438726\1\14239\44416

- 6 -

24. Accordingly, Plaintiff respectfully requests that the Court issue an injunction preventing Defendant from attempting to collect from Plaintiff the penalty assessed under IRC § 6700 while this proceeding is pending.

Wherefore, Plaintiff Marshall D. Katzman requests this Court enter an order preventing Defendant United States of America from attempting to collect from Plaintiff the penalty assessed under IRC § 6700 while this proceeding is pending, and for all other just and proper relief.

        Respectfully submitted,

        Marshall D. Katzman

        By:   s/ Sanjay Shivpuri
            One of their attorneys

David B. Shiner
Sanjay Shivpuri
Chuhak & Tecson, P.C.
30 South Wacker Drive, Suite 2600
Chicago, Illinois 60606
Telephone (312) 444-9300
Facsimile (312) 444-9027

1438726\1\14239\44416

- 7 -

## JURY DEMAND

Plaintiff demands a jury of twelve persons.

                                    Respectfully submitted,

                                    Marshall D. Katzman

                                    By:   s/ Sanjay Shivpuri
                                           One of their attorneys

David B. Shiner
Sanjay Shivpuri
Chuhak & Tecson, P.C.
30 South Wacker Drive, Suite 2600
Chicago, Illinois 60606
Telephone (312) 444-9300
Facsimile (312) 444-9027