**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARSHALL D. KATZMAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 1441 |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | Magistrate Judge Cole |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The government has objected to Requests to Admit 1 and 2.[1] Request number 1 asks that the government admit that "there is no United States Tax Court opinion or United States district court opinion that concludes that The Plan (defined as the death-benefit-only welfare benefit plan implemented through the United Employee Benefit Fund) is an abusive tax shelter." Request number 2 asks that the government admit that "IRS Notice 2003-24 is the earliest authority supporting the position that The Plan is an abusive tax shelter." Mr. Katzman has moved to deem admitted the Requests to Admit. Neither his Motion nor his Reply Memorandum cites a single case in support of the requested relief. The Motion merely posits that the Requests are "proper because they call for 'facts, the application of law to fact, or opinions about either....'"

Rule 36, Federal Rules of Civil Procedure, is intended to allow "parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *United States v. Kasuboski,* 834 F.2d 1345 (7th Cir.1987). *See also* 7 Moore's Federal Practice § 36.02[2] (3d ed. 2000) ("Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or obtain production of documents, requests for admission should

---

[1] The Motion also asked that Request 3 be deemed admitted, but that position has been abandoned.

not be used as a method of discovery for those purposes."); *Stallings-Daniel v. The Northern Trust Co.,* 2002 WL 424629, at * 1 (N.D.Ill.2002). *But compare Bieganek v. Wilson,* 110 F.R.D. 77, 77-78 (N.D.Ill. 1986)(Lefkow, J.).[2]

Properly used, requests to admit serve the expedient purpose of eliminating the necessity of proving essentially undisputed issues of fact. *See Donovan v. Carls Drug Co., Inc.,* 703 F.2d 650, 652 (2d Cir.1983)(Rule 36 admissions may narrow issues and speed the resolution of claims); *Moosman v. Joseph P. Blitz, Inc.,* 358 F.2d 686, 688 (2d Cir.1966); *Yahaya v. Hua,* 1989 WL 214481, at *6 (S.D.N.Y. 1989); *State of Vermont v. Staco, Inc.,* 684 F.Supp. 822, 829 (D.Vt. 1988); *Thalheim v. Eberheim,* 124 F.R.D. 34, 35 (D.Conn.1988).

"'Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation.'" *United Coal Co. v. Powell Construction Co.,* 839 F.2d 958, 968 (3d Cir.1988). Furthermore, while requests to admit are proper to establish facts or the application of law to facts, they may not be used to establish a legal conclusion. *See* 7 James W. Moore, *Moore's Federal Practice* § 36.10[8] (3d ed.2006);[3] *see, e.g., Golden Valley Microwave*

---

[2] In *Wilson*, the court noted: "The authorities plaintiffs cite do indicate that requests to admit are intended to narrow and define issues more than to discover facts, and, therefore, plaintiffs' argument is somewhat persuasive. Nevertheless, the court concludes that in light of the language of Rule 26 cited above, as well as the Standing Order of this court, and until this court decides to propound a rule specifically dealing with requests to admit, requests to admit should be treated as discovery for purposes of the closing date. Otherwise, they are afloat in the pretrial process, a situation which seems to be at odds with the purpose of the Standing Order. Once discovery is closed, the pretrial order normally follows within a short time thereafter (often 30 days). Under Rule 37, dealing with failure to make or cooperate in discovery and sanctions, expenses on failure to admit are included. Rule 37(c) motions to enforce requests to admit would require the court's attention even though discovery is closed, the pretrial order is filed, and the case is ostensibly ready for trial. It is inconsistent with customary pretrial procedure to permit further activity of this sort. Although there is no 'open and shut'" answer to the question posed, the motion for sanctions will be denied."

[3] Among the examples cited in Moore's include requests for determining whether a patent is invalid
(continued...)

*Foods, Inc. v. Weaver Popcorn Co., Inc.*, 130 F.R.D. 92, 96 (N.D.Ill. 1990) (request for admission that patent and claim is valid improperly seeks legal conclusion).

Notwithstanding the plaintiff's contrary contention, the Requests essentially seek legal conclusions. No matter how tendentiously the plaintiff may describe Request 1, it simply does not ask for an admission of an essentially undisputed fact – such as that the tax division is part of the Department of Justice or the President lives on Pennsylvania Avenue. Rather, admitting that "there is no United States Tax Court opinion or United States district court opinion that concludes that The Plan (defined as the death-benefit-only welfare benefit plan implemented through the United Employee Benefit Fund) is an abusive tax shelter" would require a complicated legal analysis of every tax shelter opinion at a minimum. The same difficulty attends Request 2. In order to admit that "IRS Notice 2003-24 is the earliest authority supporting the position that The Plan is an abusive tax shelter" every IRS document that bears upon similar tax shelters would be required to be reviewed and analyzed to ascertain whether it impacted the Plan. In short, Requests 1 and 2 are the antithesis of appropriate requests to admit.

The Reply brief asks that I take judicial notice that an IRS Notice does not have the force and effect of law and will not bind a court of record. (*Reply* at 2). The request is triply deficient. First, the Reply cites neither Rule 201, Federal Rules of Evidence, nor a case affirmatively supporting the request, and thus the point is waived under the familiar and oft-cited principle that skeletal, perfunctory and unsupported presentations will not be considered. *See e.g. Clarett v.* Roberts, 657 F.3d 644, 674 (7th Cir. 2011); *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011);United States

---

[3](...continued)
and whether a product or process infringes a patent. *Id.* at n. 2. The requests in this case are of that kind.

*Myrick v. Aramark Corp*, 2004 WL 906176, 6 (N.D.Ill. 2004)(Lefkow, J.).

Second, the request comes in the Reply brief and thus is too late: "A reply brief is for replying" not for raising essentially new matter that could have been advanced in the opening brief. *Hussein v. Oshkosh Motor Truck Company*, 816 F.2d 348, 360 (7th Cir. 1987) (Posner, J., concurring); *Dexia Credit Local v. Rogan,* 629 F.3d 612, 625 (7th Cir. 2010); *United States v. Boyle,* 484 F.3d 943, 946 (7th Cir. 2007); *United States v. Alhalabi*, 443 F.3d 605, 611 (7th Cir. 2006);*Bodenstab v. County of Cook*, 569 F.3d 657, 658 (7th Cir. 2009).

Finally, Rule 201 deals with judicial notice of adjudicative facts, not with propositions of law. The plaintiff does not need Rule 201 or any other rule of evidence to establish the propositions of law that he contends are supported by *Commissioner v. Schleier*, 515 U.S. 323, 336 n.8 (1995); *Spiegelman v. Commissioner*, 102 T.C. 394, 405 (1994); and *Newberry v. Commissioner*, 76 T.C. 441, 445 (1981). These cases either sustain his position or they do not. Rule 201 has nothing to do with the answer to that inquiry and would be improperly applied were it used to supplant the analysis.
.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 2/23/12